UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06-cr-00331-RLH-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JESUS MILLAN-SOTO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Request for Court Order Directing US Marshal to Hold Prisoner Jesus Millan-Soto in Clark County, Nevada (#14), filed on November 19, 2006, and the Government's Response to Defendant's Opposition to Pretrial Transfer (#17), filed on November 21, 2006. The Court conducted a hearing on this matter on November 22, 2006.

**BACKGROUND**

Defendant Millan-Soto was indicted on September 20, 2006 for unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326. He was ordered to be detained pending trial on October 4, 2006 (#10) on the grounds that there is a serious risk that Defendant will not appear. Defendant's trial is presently set for February 5, 2007. Defendant's counsel states that he has been privately retained by Defendant's family who cannot afford the costs that Defendant's counsel will incur if Defendant is transferred to the corrections facility in Florence, Arizona. Defendant's counsel states that it is his regular practice to meet with his clients every three weeks and that the number of these contact visits will necessarily have to be reduced if Defendant is transferred to Florence, Arizona. Defendant's counsel has filed similar motions on behalf of the other detained federal defendants he represents.

Due to a decision by the City of Las Vegas, Nevada to no longer provide housing for federal prisoners or detainees, effective December 1, 2006, the number of available jail spaces in Clark County, Nevada for federal defendants have been substantially reduced. As of December 1, 2006, there will be approximately 300 jail spaces available at the North Las Vegas Jail to house federal detainees in Clark County, Nevada. This includes available jail space to house defendants who have been detained pending trial ("pretrial detainees"), defendants who have pled or been found guilty and are awaiting sentencing, and defendants who have been sentenced and are awaiting transfer to the Bureau of Prisons. The United States Marshal's Service must set aside a certain number of available jail spaces for persons who have been arrested by federal law enforcement officers prior to their initial appearances in court and for defendants who are ordered detained after making their initial appearances in federal court. The reduction in available federal detainee jail space in Clark County, Nevada affects many federal detainees represented by the Federal Public Defender, Civil Justice Act (CJA) appointed counsel, and privately retained counsel.

At any given time, there are ordinarily in excess of 500 federal detainees in the Southern Division (unofficial) of the District of Nevada. As a result of the reduction of federal jail space available in Clark County, Nevada, the United States Marshal has arranged to house Federal detainees at the Corrections Corporation of America Detention facility located in Florence, Arizona. The Marshal advises that the Florence, Arizona facility is the nearest corrections facility to Clark County, Nevada with available jail space, at the present time, to house Federal detainees from the Southern Division (unofficial) of the District of Nevada. Florence, Arizona is located approximately 350 miles from Las Vegas, Nevada. In order to conduct in person meetings with defendants who have been transferred to the detention facility in Florence, Arizona, counsel will either be required to travel by commercial air carrier to Phoenix and drive to Florence or, alternatively drive from Clark County, Nevada to Florence, Arizona. In either case, travel from Clark County, Nevada to the detention facility in Florence, Arizona will require several hours and will likely require the attorney to set aside a full day for such visits.

To the extent possible, the Marshal's Service will give priority to keeping pretrial detainees in Clark County, Nevada. Due to the substantial reduction of available jail space in Clark County, Nevada, however, federal pretrial detainees are likely to be transferred to the Florence, Arizona facility.

Where feasible Defendants, who are ordered detained by the Court at the time of their arraignment shall be held in Clark County, Nevada for at least thirty (30) days from the date of their arraignment in Federal District Court. After thirty (30) days, federal pretrial detainees are subject to transfer to the corrections facility in Florence, Arizona.

The Court is informed that the Marshal's Service has confirmed with the Corrections Corporation of America Detention facility in Florence, Arizona that federal detainees from this District will be able to make private, unmonitored telephone calls to their defense counsel, and that defense counsel will be able to make private, unmonitored telephone calls to their clients by scheduling a day and time for making such telephone calls. In addition, arrangements are being made to have video teleconferencing be available for defendants and their counsel to confer privately. The Court is also informed that the Marshal's Service has confirmed with Corrections Corporation of America Detention facility that it will be reasonably flexible regarding scheduled in-person meetings between defendants and their attorneys. For example, if counsel is delayed in arriving on time for a scheduled in-person meeting with a client due to airline delays or weather or road conditions, the corrections facility will take reasonable steps to ensure that counsel is allowed to meet for a sufficient time with the client on the date of the scheduled visit.

The Marshal's Service is also taking necessary measures to ensure that Federal detainees housed in the Florence, Arizona corrections facility are transported to Las Vegas for court appearances such as motion hearings and other proceedings at which they are entitled to be present, and to provide necessary opportunity for defendants to meet with counsel prior to court hearings. Arrangements and coordination with the court staff will need to be made regarding the scheduling of hearings so that defendants may be back to Clark County, Nevada prior to trial or sentencing hearing to ensure that defendants and their counsel have adequate time to prepare.

## **DISCUSSION**

The necessity of transferring federal detainees to detention facilities outside this District results from the reduction in available jail space for federal detainees in Clark County, Nevada. Because of the absence of available jail space closer to Clark County, Nevada, the Marshal's Service has arranged for detainees to be housed at the detention facility in Florence, Arizona. The transfer of detained

1  defendants is based solely on the lack of sufficient available jail space in Clark County, Nevada and not
2  for purposes of punishment or discipline.
3        The transfer of an inmate to less amenable and more restrictive quarters for non-punitive
4  reasons is not a right protected by the due process clause. *Covino v. Vermont Department of*
5  *Corrections*, 933 F.2d 128, 129 (2d Cir. 1991). In *Covino*, the plaintiff, a pretrial detainee, requested
6  that he be placed in a single cell. The prison officials thereupon placed him in a single cell in the
7  isolation unit at a prison located 56 miles from where he was to be tried and where he remained for nine
8  months. In reversing summary judgment dismissing plaintiff's § 1983 claim and remanding the case
9  for further consideration, the court held that the district court failed to consider whether plaintiff's
10 confinement in the isolation unit constituted punishment under state law, giving rise to a protected
11 liberty interest, and whether the state also violated plaintiff's Sixth Amendment right of access to his
12 trial counsel.
13       In *Cobb v. Aytch*, 643 F.2d 946, 957 (3rd Cir. 1981), pretrial detainees and other prisoners in
14 Philadelphia city jails were transferred to outlying state prison facilities following the murder of two jail
15 officials. The inmates challenged the transfers on grounds of religious discrimination, that the transfers
16 were imposed for purposes of punishment, and that the transfers deprived the pretrial detainees of their
17 Sixth Amendment rights to effective assistance of counsel. The district court conducted an evidentiary
18 hearing and made specific findings that pretrial detainees were denied necessary pretrial interviews with
19 their counsel to develop the relationship with counsel and prepare their cases for trial. Pretrial detainees
20 also missed court appearances and parole hearings because they were not returned to court on time.
21 The court also found that 25 percent of the transferees' cases had to be continued because defendants
22 were not brought to court and that this resulted in prolongation of their pretrial detention. In affirming
23 the district court's order granting injunctive relief, the Third Circuit held that pretrial detainees have a
24 constitutionally protected right to the effective assistance of counsel which attaches at the initiation of
25 criminal proceedings. The court affirmed the district court's order based on its specific findings that the
26 detainees were deprived of effective assistance of counsel and that the delays resulted in denial of their
27 right to a speedy trial.
28       In *Lenz v. Washington*, 444 F.3d 295 (4th Cir. 2006), the defendant was convicted of murdering

a fellow inmate. Following the murder, defendant was incarcerated for three months at a state maximum security prison located 250 miles and a five hour drive from where his defense attorneys were located. Defendant's counsel visited him on only two occasions, for less than two hours on each visit, and the two lawyers could only converse with defendant by means of a single phone. Defendant's counsel moved to have defendant transferred to a closer facility, and he was moved to a facility located 157 miles away from his counsel. Defense counsel and experts also encountered difficulties in meeting with defendant at this facility. Shortly before trial, defendant was brought to the local jail and had the opportunity to meet with counsel prior to trial. In denying defendant's petition for habeas corpus relief, the court held that defendant failed to allege circumstances that would constitute ineffective assistance of counsel under the standard test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires that a claimant show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Prejudice requires the claimant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. The court noted that this burden remains the same regardless of whether the alleged deficiency was counsel's own fault or arose from external constraints. In order for prejudice to be presumed, the defendant must show that the restrictions resulted in no counsel being present at critical stages of the proceedings, that ineffective assistance was tantamount to a constructive denial of counsel, or that even if counsel is available, the likelihood that any lawyer could provide effective assistance was so small that a presumption of prejudice was appropriate without inquiry into the actual conduct of the trial. In rejecting defendant's petition, the court stated:

> At most, petitioner alleges circumstances that may have made it somewhat more difficult for counsel to prepare for trial. But "[n]ot every restriction on counsel's time and opportunity to investigate or consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Consequently, a claim alleging such a restriction cannot succeed without an accompanying allegation of prejudice.

*Lenz,* 444 F.3d at 304.

Regrettably, the reduction of available jail space for federal detainees in Clark County, Nevada has required the United States Marshal to obtain alternative jail space at the closest available facility

located in Florence, Arizona.  The Court and the Marshal's Service have and will address, and reduce to the extent possible, the adverse effect of such transfers on defendants' access to counsel.  First, pretrial detainees will not be transferred to the Florence, Arizona facility until thirty (30) days after their arraignment so that counsel can meet with their clients prior to transfer to investigate their cases and prepare for trial and pretrial motions.  The Marshal's Service has also arranged for federal detainees and their counsel to have adequate opportunities for confidential telephone communication and teleconferencing and to ensure that defendants are returned to Las Vegas in time for court appearances and trial.

Defendant's counsel also raises as a concern the inability of defendant or his family to pay the additional travel costs for counsel that will be associated with Defendant's transfer to the Florence, Arizona facility.  If the defendant is indigent, application can be made for Criminal Justice Act funds based on a demonstration of financial constraint resulting from Defendant's transfer to the Florence, Arizona facility.  Granting defendant's request that he not be transferred to the Florence, Arizona facility prior to trial, and the similar motions filed by defendant's counsel on behalf of his other clients, would simply grant some defendants a preference over other pretrial detainees and their counsel who are also impacted by these circumstances.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Emergency Request for Court Order Directing US Marshal to Hold Prisoner Jesus Millan-Soto in Clark County, Nevada (#14) is **Denied.**

DATED this 1st day of December, 2006.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE